UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW SLANN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-3347** |
| **EAGLE, INC. ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 8). For the following reasons, the Motion is DENIED.

### BACKGROUND

Plaintiff Matthew Slann, Jr. was diagnosed with asbestos-related lung cancer in April 2019, which he alleges was caused by his exposure to injurious levels of asbestos while employed by Exxon Mobil Corporation at its Baton Rouge facility from 1972 to 2013. Plaintiff filed this action in the Civil District Court of Orleans Parish in June 2019 against multiple defendants. Plaintiff settled or dismissed his claims against many of the defendants, and only his claims against Exxon Mobil Corporation ("Exxon") and Taylor Seidenbach, Inc. remain.

On December 9, 2020, Exxon removed the action to this Court asserting diversity jurisdiction and alleging that Taylor Seidenbach is improperly joined. At the time of removal, trial was set to begin in state court on March 1, 2021. On January 8, 2021, Plaintiff moved for remand and requested expedited consideration in light of Plaintiff's medical condition. Plaintiff raises two arguments for remand: (1) Exxon's removal was untimely; and (2) Taylor Seidenbach is not improperly joined. This Court will consider each argument in turn.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3]

## LAW AND ANALYSIS

### A. Timeliness

At the outset, Plaintiff argues that Exxon's removal was untimely. Pursuant to § 1332 a case may not be removed on diversity grounds more than one year after commencement of the action unless the plaintiff acted in bad faith to prevent the defendant from removing the action. This matter was initially filed in July 2019, and

---

[1] 28 U.S.C. § 1441.
[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[3] *Manguno*, 276 F.3d at 723.

Exxon did not file its notice of removal until December 2020. Exxon alleges, however, that Plaintiff acted in bad faith by waiting until the removal deadline had passed to reveal that he had settled with another defendant. Specifically, Plaintiff entered into a settlement with Defendant Anco Insulations Inc. in April 2020 but did not make Defendant Exxon aware of the settlement until November 2020. In determining whether a plaintiff has acted in bad faith to prevent removal, "the question is what motivated the plaintiff in the past—that is, whether the plaintiff's litigation conduct was meant 'to prevent a defendant from removing the action.'"[4]

The settlement with Anco Insulations Inc. left only diverse Exxon and non-diverse Taylor Seidenbach as defendants. Plaintiff argues that he could not have been in bad faith in failing to inform Exxon of his settlement with Anco Insulations Inc. because his claims against non-diverse Taylor Seidenbach remained pending. However, there has been extensive litigation in this Court regarding the improper joinder of Taylor Seidenbach in asbestos cases.[5] Accordingly, Plaintiff's argument does not pass muster. Plaintiff would have been aware that Exxon would consider removal if Taylor Seidenbach was the only other remaining defendant. This, in conjunction with the fact that Plaintiff has taken little action to pursue his claim against Taylor Seidenbach throughout the course of this litigation, gives this Court pause about Plaintiff's motivation in failing to make Exxon aware of its settlement

---

[4] Barra v. Rayborn Trucking, Civ. A. No. 19-13235, 2019 WL 6838611 (E.D. La. 2019).

[5] *See, e.g.*, Davidson v. Georgia-Pac., L.L.C., 819 F.3d 758, 768 (5th Cir. 2016) (finding Taylor Seidenbach was not improperly joined); Deaville v. Exxon Mobil Corp., No. 20-3076, 2021 WL 118876, at *4 (E.D. La. 2021) (finding "Defendants' arguments related to Plaintiff's subjective intent in joining [Taylor Seidenbach] to be problematic"); Michel v. Ford Motor Co., No. 18-4738, 2018 WL 4091048, at *3 (E.D. La. 2018) (finding Taylor Seidenbach was improperly joined); Smith v. Georgia-Pac., LLC, No. 17-4698, 2017 WL 2218996, at *5 (E.D. La. 2017) (finding Taylor Seidenbach was not improperly joined); Bozeman v. Wyeth Holdings Corp., No. 16-14606, 2016 WL 4771731, at *2 (E.D. La. 2016) (finding Taylor Seidenbach was not improperly joined); Bourke v. Exxon Mobil Corp., No. 15-5347, 2016 WL 836872, at *9 (E.D. La. 2016) (finding Taylor Seidenbach was not improperly joined); Smith v. Union Carbide Corp., No. 13-6323, 2013 WL 6244199, at *5 (E.D. La. 2013) (finding Taylor Seidenbach was improperly joined).

with Anco Insulations Inc. Indeed, Plaintiff has not propounded any discovery on Taylor Seidenbach, did not offer any expert testimony regarding products supplied by Taylor Seidenbach, did not ask any questions at Plaintiff's deposition regarding Taylor Seidenbach, and counsel for Taylor Seidenbach did not attend the conference to select a trial date. Accordingly, this Court finds that Plaintiff acted in bad faith, and Exxon's notice of removal is therefore not untimely.

### B. Improper Joinder

Defendant argues that this Court has diversity jurisdiction over this matter because non-diverse Taylor Seidenbach is improperly joined. "Fraudulent joinder can be established by demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[6] Generally, the court conducts an analysis similar to that employed in the context of Rule 12(b)(6), asking whether there is a legal basis for recovery assuming the facts in the complaint as true.[7]

In certain circumstances, however, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[8] Examples of such facts include "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."[9] A "lack of substantive evidence as to the non [ ]diverse defendant does not support a conclusion that he was [improperly] joined even though that may support summary judgment. Instead, the defendant must put forward evidence that would

---

[6] Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006).
[7] Smallwood v. Ill. Cent. R.R Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc).
[8] *Id.*
[9] *Id.* at 574, n.12.

4

negate a possibility of liability on the part of [the nondiverse defendant]."[10] "In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant."[11] The court evaluates all of the contested factual allegations in the light most favorable to the plaintiff and resolves any uncertainties in the controlling state's substantive law in the plaintiff's favor.[12] The burden of showing fraudulent joinder is a "heavy one."[13]

Exxon asks this Court to pierce the pleadings and consider "the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[14] Specifically, Exxon argues that discovery in this matter is nearly complete and Plaintiff has failed to develop evidence of his claim against Taylor Seidenbach. Under Louisiana law, "in an asbestos case, the claimant must show he had significant exposure to the product complained of to the extent that it was a substantial factor in bringing about his injury."[15] Exxon points out that Plaintiff's experts opine that his disease was caused by exposure to asbestos-containing insulation and gaskets. Exxon argues that the evidence shows that Taylor Seidenbach supplied only corrugated roofing materials to Exxon—not insulation. Plaintiff's experts do not reference Taylor Seidenbach or offer any opinions regarding Plaintiff's potential exposure from working with corrugated roofing materials. Exxon argues that Plaintiff has not developed any evidence that (1) Taylor Seidenbach's corrugated roofing material was the cause of his disease, or (2) Taylor Seidenbach supplied insulation to Exxon's Baton Rouge facility. Therefore, it argues that there is no possibility that Plaintiff could prevail against Taylor Seidenbach in state court.

---

[10] *Davidson*, 819 F.3d at 767 (internal citations omitted).
[11] *Smallwood*, 385 F.3d at 573–74.
[12] Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003).
[13] *Id.* at 649.
[14] *Smallwood*, 385 F.3d at 573–74.
[15] Robertson v. Doug Ashy Bldg. Materials, Inc., 168 So. 3d 556, 565 (La. App. 1 Cir. 2014).

5

Plaintiff complains that Exxon's argument points only to a lack of evidence to support his claims and not to any affirmative evidence that would negate Plaintiff's claim against Taylor Seidenbach, as the law requires. Indeed, the Fifth Circuit has advised that courts should look for evidence "negating a possibility of liability" and cautioned that "the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal."[16] That said, the Fifth Circuit has advised that "[t]he district court must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant."[17]

Here, at the time that Plaintiff's Motion to Remand was filed, the deadline for Plaintiff to produce his expert reports had passed, and there were only ten days remaining before the discovery deadline. In support of his Motion to Remand, Plaintiff has provided this Court with just three pieces of evidence—none of which were developed in this case—that he alleges show a possibility of recovery against Taylor Seidenbach. Plaintiff attaches: (1) the testimony of Ralph Sheppard, Taylor Seidenbach's corporate representative, in which he states that Taylor Seidenbach distributed and installed asbestos-containing products, including insulation, in Louisiana during the time period that Plaintiff worked at Exxon's facility in Baton Rouge; (2) the Affidavit of Dwight Corcoran, an employee of Taylor Seidenbach, who testified that he supplied and/or installed asbestos-containing products at a number of work sites, including Exxon, from 1969 to 1995; and (3) invoices and receipts that demonstrate that between 1962 and 1973 Taylor Seidenbach supplied asbestos-containing products and performed work at Exxon's Baton Rouge facilities. Plaintiff has alleged that his illness was caused by exposure to asbestos-containing insulation. The evidence he presents does not establish that Taylor Seidenbach supplied or

---

[16] *Davidson*, 819 F.3d at 766.
[17] McKee v. Kansas City S. Ry. Co., 358 F.3d 329, 334 (5th Cir. 2004).

installed *insulation* at Exxon's Baton Rouge facility between 1972 and 2013—the time period that Plaintiff worked there. Further, Exxon presents testimony from Sheppard in which he states that Taylor Seidenbach never did insulation work at Exxon's facility in Baton Rouge. Accordingly, it is undisputed in the record that Taylor Seidenbach did not supply insulation to Exxon's Baton Rouge facility. Plaintiff presents no evidence that the products that *were* supplied by Taylor Seidenbach caused his illness. Accordingly, Defendant has shown that Plaintiff has no possibility of recovery against Taylor Seidenbach.

The plaintiff in *Bourke v. Exxon Mobil Corporation* attached exhibits identical to the ones provided by Plaintiff in this case.[18] In *Bourke*, another section of this Court found "the allegations of the state-court petition and the affidavit and deposition testimony are sufficient to show that the Plaintiff has a reasonable basis of recovery against Taylor-Seidenbach."[19] In *Bourke*, however, unlike in this matter, discovery was "in its infancy," and the court found it appropriate to remand the matter to allow the plaintiff the "opportunity to further investigate and develop his claims against Taylor-Seidenbach."[20] Here, Plaintiff has had that opportunity and has failed to produce evidence that Taylor Seidenbach supplied insulation to Exxon's Baton Rouge facility or that his illness was caused by one of the asbestos-containing products that Taylor Seidenbach did supply to Exxon's Baton Rouge facility.[21] Accordingly, Exxon has carried its burden to show that Taylor Seidenbach is improperly joined. Complete

---

[18] *Bourke*, 2016 WL 836872, at *7–9.
[19] *Id.* at 7.
[20] *Id.* at 9.
[21] *See Smith*, 2013 WL 6244199, at *5 ("[I]t does not appear reasonably possible that a state court would impose liability on Taylor. This finding, combined with the facts that the parties are at the final stages of discovery and that Mrs. Smith has taken little action with regard to Taylor throughout the course of litigation, persuades the Court that remand is inappropriate."); *Michel*, 2018 WL 4091048, at *3 (finding the affidavit of Dwight Corcoran to be insufficient to establish a possibility of recovery when discovery was complete and Plaintiff had not submitted evidence that Taylor Seidenbach supplied asbestos-containing insulation to the facilities where the plaintiff worked).

diversity exists between Plaintiff and Exxon, and this Court has diversity jurisdiction over this matter.

## CONCLUSION

For the foregoing reasons, the Motion to Remand is **DENIED**. The case manager shall schedule a scheduling conference at her earliest convenience to reset only those dates that had not yet passed at the time of removal.

New Orleans, Louisiana this 4rd day of February, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**